## CIRCUIT COURT OF THE CITY OF RICHMOND

Concerned Citizens
for Educational Excellence
and John Lloyd

v.

Richmond School Board
and Richmond Public
School System

August 4, 1997

Case No. (Chancery) MC-5008

BY JUDGE JAMES B. WILKINSON

Concerned Citizens for Educational Excellence petitioned for an injunction against the Richmond School Board and Richmond Public Schools to obtain documents pertaining to the termination of Dr. Patricia Conn, Superintendent of Schools. The court ordered all information, except those documents protected as attorney work product, to be produced for *in camera* inspection. After reviewing the documents, the court allowed both parties leave to file briefs in support of their positions.

Briefs were duly submitted to the court; additionally, the petitioners filed two motions. The first is a motion to compel a log of the documents protected as attorney work product, describing the type of document, date and author of the document, and a description of the document's subject. The second motion is one to amend the petitioners' petition for an injunction to seek an order requiring the School Board to notify the court of matters to be discussed in Executive Session. The purpose behind this amendment is to determine the propriety of Executive Sessions, as the petitioners claim the Board has used those sessions improperly in the past. The petitioners allege that on one occasion, when the Session was used to terminate Dr. Conn, "deceptive

notice" was used, and another Session was held to "hide from the public" wrongdoing by Board members.

## Issues

(1) Whether the documents reviewed by the court should be made available to the petitioners.

(2) Whether the School Board must submit a log of those documents protected by the work product privilege.

(3) Whether the petitioners shall be allowed to amend their petition for injunction.

## Discussion

The petitioners allege that, by failing to produce the documents requested, the respondents are in violation of the Virginia Freedom of Information Act, Va. Code Ann. §§ 2.1-340 to 2.1-346.1. Section 2.1-342 of the Act mandates that official records be open to the public for inspection, with the exception of documents that fall under the specific exclusions of the statute. The respondents originally withheld the documents pursuant to § 2.1-342(B)(3) which exempts personnel records from disclosure. Dr. Conn, however, filed an affidavit with the court on June 19, 1997, waiving any claims of confidentiality she may have in her records.

Section 2.1-342(B) also provides that any documents which are excluded from production "may be disclosed by the custodian *in his discretion*" if such disclosure is not prohibited by law. Va. Code Ann. § 2.1-342(B) (emphasis added). The respondents now argue, on brief, that they are exercising this discretion in withholding the personnel records requested. The court, however, interprets this language to mean that any documents not subject to the Act may still, at the custodian's discretion, be released for review. The purpose behind exempting personnel records from the Act is to protect those individuals who are employed by state agencies from an invasion of their privacy relating to their employment histories. This is no greater a shield than that afforded to citizens who are employed in the private sector. Insofar as Dr. Conn has waived that protection, there is no basis for the documents to remain sealed. Once the necessity for confidentiality has abated, the Board does not have the discretion referred to in § 2.1-342(B) to withhold the records. That discretion may only be exercised to release those records in spite of the protection granted by the Act; it does not serve to prevent such release when the guardianship of the Act is unwarranted. The court is, therefore, of the

opinion that all documents relating to the termination of Dr. Conn as School Superintendent, with the exception of those which are attorney work product, must be released to the petitioners.

The court is further inclined to deny the petitioners' motion for a log of attorney work product documents. What the petitioners propose would defeat the purpose behind the court's exemption of those papers. The doctrine of attorney work product serves to shield from an adverse party the fruits of an attorney's labor in representing his client. A log of these documents revealing their nature would protect their contents no more than a court order to produce them would. The attorney-client relationship is the most fundamental one in the legal profession. This court will not be a party to any violation of the sanctity of that relationship and, consequently, will not grant the petitioners' motion.

Likewise, the court will deny the petitioners' motion to require the School Board to notify it of future Executive Sessions. The court will not function as a babysitter to an elected body. It is the job of the citizens of this city to behave as watchdogs for the Board.

The petitioners further allege that the Board went into Executive Session improperly twice and move the court for a deceleration of such. In one instance, the petitioners argue that improper notice was given and Dr. Conn was terminated without the full Board in attendance. The court finds, however, that the notice was sufficient: the time, date, and place of the meeting was made known and the issue to be discussed included the performance issues of the Superintendent. To require all Board members to be present after such notice would empower any one member to prevent any action from being taken or a vote from being had. Knowing that one of the issues to be considered was Dr. Conn's performance should have been sufficient for every member to be present at the Session, especially in light of the relationship that existed between the Board members and the Superintendent.

The second instance which the petitioners bring to the court's attention, involving monies taken from the School System by Board members, is an issue presented for the first time. Insofar as no evidence has been heard by the court, either in furtherance of this allegation nor in denial of it, a ruling on it would be impetuous at this time. The court will not, therefore, consider this issue until a full evidentiary hearing is had on the matter.

In this court's view, under our system of government, it is by far more advantageous to the proper function thereof that all public business be done in the light of the sun at meridian than in the darkness of the midnight hour. Public business is public business, and the public is entitled to know why the

government acts in the way that it does, especially when taxpayer funds are at stake.

It is obvious to this court that when Dr. Conn was discharged, the public had an absolute right to know why and under what conditions, especially when her contract was purchased for over $170,000.00. This was done with taxpayer money.

### Conclusion

The court holds that the documents requested by the petitioners, with the exception of those deemed attorney work product, be produced by the respondents. The court will overrule the petitioners' motion for a log of the work product documents.

Furthermore, the court will overrule the petitioners' motion that the School Board notify the court before going into Executive Session. The court finds that adequate notice was given for the Session where Dr. Conn was terminated but withholds any ruling on the propriety of the Session where monies were allegedly taken from the School System by Board members until evidence may be heard on that matter.